WESTERN DIS.
October, 1841.

**PEETS vs. WILSON.**

PEETS
vs..
WILSON.

APPEAL FROM THE COURT OF THE TENTH DISTRICT FOR THE PARISH OF CLAIBORNE, JUDGE CAMPBELL PRESIDING.

A mortgage executed by the maker of a note, to secure the endorsers, becomes null when there are no steps taken to fix their liability; and the transfer to the holder of the note after the endorsers are discharged for want of protest and notice, confers no rights on the transferee.

The fact of an endorser taking a mortgage from the maker of a note to indemnify him against loss, does not dispense with demand, protest and notice.

This is an action of mortgage. The plaintiff alleges he is the assignee and transferree of a mortgage on two half-quarter sections of land, executed by one R. Stiles to Canfield & Drake to secure them against their endorsements on two notes of his and that said mortgage was given to secure the payment of said notes. The debt claimed amounts to $458, for which he prays judgment against Wilson on his said mortgage, and that the land be sold to satisfy the debt.

Wilson claimed the land as having purchased it at sheriff's sale, under an execution against Stiles, which issued on a judgment of R. Thompson.

' The mortgage was executed by Stiles to Canfield & Drake, the 16th January, 1839, to secure the payment of the debt arising on the notes they had endorsed; but after they were over due, and no steps taken to fix the liability of the endorsers.

The land in contest was sold the 21st day of May, 1839, subject to plaintiff's mortgage, by the deputy sheriff, and Wilson, the principal sheriff, became the purchaser for $150.

There was judgment for the defendant and the plaintiff appealed.

*Lawson*, for the plaintiff and appellant.

*Hyams* and *J. Blair Smith*, for the defendant.

*Morphy, J.* delivered the opinion of the court.

WESTERN DIS.
*October*, 1841.

PEETS
*vs.*
WILSON.

· This is an hypothecary action by which a tract of land held by defendant as a third possessor is sought to be made liable for two notes amounting together to $458 38, drawn by one Richard Stiles to the order of Rueben Drake and Martin Canfield, and by them endorsed over to the present plaintiff *after maturity*. This transfer took place on the 12th of February, 1838, and suit was immediately brought on them by attachment against the maker, Richard Stiles. On the 16th of January, 1839, Richard Stiles was prevailed on by Drake & Canfield to give them a mortgage on the property now in the possession of the defendant, to secure the payment of these notes which he mentions in the act of mortgage as being in the hands of Peets. This mortgage was recorded in the office of the parish judge of Claiborne, on the 21st of January of the same year, and by the said Drake & Canfield assigned to the plaintiff on the 25th of September following. The defendant purchased the property thus mortgaged by Stiles at a sale under execution, made at the suit of Thompson, a judgment creditor of the latter who levied on it on the 25th of March, 1839.

This case has been argued in writing and not without some ingenuity on both sides. It is urged on the part of the defendant and appellee that if the mortgage assigned to plaintiff and under which he claims was given to Drake & Canfield to secure them from the consequences of their endorsements on the notes, as is alleged in the plaintiff's petition, the mortgage was a nullity. That it could have no binding force and effect because Stiles was not indebted to them at the time it was given; as the notes had been by them transferred to the plaintiff nearly a year previous to its date; and that it is essential to the existence of a mortgage that there should be a principal debt to serve as a foundation for it. That when a bill or note is endorsed after maturity, demand must be made within a reasonable time and notice given to the endorser who is otherwise discharged, and that as in this case the plaintiff took no step to fix the liability of Drake & Canfield, the mortgage, if it

ever had validity, was discharged ; the object for which it was given having been accomplished. To this, it is answered that the endorsers were not discharged by want of notice and demand , as they had taken a mortgage to secure themselves. That even if they were they had a right to waive the discharge and avail themselves of the benefit of the mortgage, at least against subsequent creditors and purchasers ; that the expressions in the act of mortgage and the act of assignment would be alone sufficient to render them liable unto plaintiff; and that at all events defendant has no right to complain as the whole transaction took place and the mortgage was recorded before he had acquired any right whatever to the property ; and he is not shown to have ever been a creditor of Stiles. That he bought with full knowledge of the prior mortgage and cannot now be allowed to contest its validity. From a close examination of the whole context of the mortgage to Drake & Canfield, it is quite clear to us that the instrument was intended to secure them from the consequences of their endorsements on the two notes of the mortgagor. It was based then on a consideration

<span style="float:left">A mortgage executed by the maker of a note to secure the endorsers, becomes null when there are no steps taken to fix their liability; and the transfer to the holder of the notes after the endorsers are discharged for want of protest and notice, confers no rights on the transferree.</span> which did not exist at the time; the principal obligation to which it was to attach had already been released by the laches of plaintiff; the mortgage was in their hands a useless piece of paper, conferring on them no rights whatever of which they could avail themselves or which they could transfer to others. It was an absolute nullity ; La. Code, articles 3251 and 3252. From the circumstances disclosed by the record in relation to the attachment previously sued out on these notes by the plaintiff against the maker, Stiles, it is altogether improbable that the latter could have intended that the mortgage should in any

<span style="float:left">The fact of an endorser taking a mortgage from the maker of a note to indemnify him against loss, does not dispense with demand, protest and notice.</span> case enure to his benefit ; he knew that the notes were in plaintiff's hands and what was more simple than to give the mortgage directly to him ; but his intention, as alleged by the petitioner himself, was to save Drake & Canfield harmless of endorsements. We have held (9 La. Rep., 334,) that the fact of an endorser taking a mortgage from the maker of a note to indemnify him against loss, does not dispense with demand

and notice of protest; still less can it have the effect of reviving a liability already extinguished by the want of such demand and notice. But it is said that defendant being a third possessor and having bought the property subject to this mortgage recorded before his purchase, has no right to contest its validity. The sheriff's return does not show that the property was sold subject to this mortgage, or that the bid of plaintiff was over and above its amount. It states, it is true, that the certificate of the recorder of mortgages showing the existence of this prior mortgage was read, but it further states that the property was absolutely sold for one hundred and fifty dollars, leaving doubtful what should have appeared with certainty from his return, to wit: that the bid was over and above the amount of the prior mortgage. By articles 679 and 683 of the Code of Practice, it is made the duty of the sheriff to announce that the property is sold subject to the prior mortgages, and that the purchaser is authorized to retain in his hands out of the price for which the property will be adjudicated the amount of such mortgages and give his bond for the surplus. The return of a sheriff must show a strict compliance with the requirements of the law, and we cannot presume the fulfilment of material formalities which do not appear on its face; from this return the bid appears to us to have been given for the absolute value of the property; 4 Martin, N. S., 162. If such was the case, no adjudication could have legally taken place, the price offered being less than the prior mortgage apparently existing on the property; C. Pr., 684; 3 Martin, N. S., 604. The defendant then, when called upon, under such circumstances, to pay the amount of the prior mortgage or abandon the property, has the right of showing that such prior mortgage was a nullity, that his bid was for the absolute value of the property, and that the adjudication under which he holds was a valid one. This we think he has satisfactorily shown.

It is therefore ordered that the judgment of the District Court be affirmed with costs.