14 305
f120 711

## I. U. Ball *v.* Felix Greaud.

*A waiver of protest by an endorser, is not a waiver of the notice of non-payment.*

*An accommodation endorser is entitled to notice, as any other endorser.*

APPEAL from the District Court of the Parish of Iberville, *Wilson,* J., presiding. *Barrow & Pope,* for plaintiff and appellant. *Z. Labauve,* for defendant.

MERRICK, C. J. This suit is brought against the defendant as an endorser and surety upon a promissory note.

The note was made payable to the order of defendant and endorsed by him.

Before its maturity, he signed the following agreement upon the back of the note.

" I hereby waive protest on the within note, and hold myself bound for the payment of the same, as if legally protested.

(Signed) F. GREAUD."

The defendant, in his answer, avers that he signed the note as surety.

It does not appear that any notice of non-payment was given the defendant and he invokes the decisions in the cases of *Wall* v. *Bry,* 1 An. 312, and *Breaux* v. *Leblanc,* 10 An. 97, to show that the plaintiff has failed to make out his case inasmuch as the waiver of protest is not a waiver of the notice of *non-payment.*

The plaintiff replies that those cases cannot control the present case, because the defendant alleges he signed the note as surety, and, therefore, is not entitled to strict notice, and, moreover, *Greaud,* before maturity, offered to give his own note to the plaintiff in the place of the note sued on, and thereby waived the protest and notice under the authority of *Sigerson* v. *Matthews,* 20 How. 498.

The note was made payable to the order of the defendant, and he was, therefore, a necessary party to the instrument, and must be considered an accommodation endorser, and entitled to notice as any other endorser. 10 An. 97 ; *Peets* v. *Wilson,* 19 La. 478 ; 9 La. 334.

The proof on which plaintiff relies, is a conversation between the defendant and the witness, in which the former, in speaking of what occurred before the maturity of the note at the time he had signed the agreement to waive the protest, said further, that he had no money then, but if he could get time, he would pay the note, and that he had offered plaintiff to give him a note payable in a year for the note sued on. Subsequently he told witness that he had seen a lawyer and should not be obliged to pay the note. Here the conditional offer of the defendant was not accepted as the plaintiff chose to rely upon the note. There was then no absolute promise to provide for the note at its maturity, which would bring the case within the doctrine of *Sigerson* v. *Matthews.*

The case of *Wall* v. *Bry,* has been acted upon since it was rendered, and the rules of commercial law ought not to be lightly disturbed.

The defendant is entitled to the benefit of the decision, and the judgment must be affirmed.

Judgment affirmed.

VOORHIES, J., absent.