## DUTHERAGE & HALL et al. v. JOHNSON.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1921.)

No. 3565.

**Partnership ⬅197—Action may be maintained by person doing business under another name.**

Rev. St. La. § 2668, providing that "no person shall transact business in the name of a partner not interested in his firm, and when the designation 'and company,' or '& Co.,' is used, it shall represent an actual partner or partners," *held* not to preclude a person doing business under the name of a "company" from maintaining an action, where it is found as a fact that credit was not given him in the belief that he had a partner, to prevent which is the purpose of the statute as construed by the Supreme Court of the state.

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action at law by T. E. Johnson against Dutherage & Hall and others. Judgment for plaintiff, and defendants bring error. Reversed.

J. D. Wilkinson, of Shreveport, La. (Wilkinson, Lewis & Wilkinson, of Shreveport, La., on the brief), for plaintiffs in error.

Sidney M. Cook, of Shreveport, La. (Cook & Cook, of Shreveport, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an action to recover damages for the loss of profits arising out of the failure on the part of plaintiff in error, defendant below, to deliver certain lumber upon orders accepted by it from defendant in error. A jury was waived, and the District Judge, after hearing the evidence, entered a judgment in the sum of $5,112.40 in favor of defendant in error.

It is urged that defendant in error was precluded from recovery by reason of the fact that he was doing business as the T. E. Johnson Lumber Company, in violation, it is said, of section 2668, Revised Statutes of Louisiana which is as follows:

"Hereafter no person shall transact business in the name of a partner not interested in his firm, and when the designation 'and Company' or '& Co.,' is used, it shall represent an actual partner or partners."

In Wolfe v. Joubert, 45 La. Ann. 1100, 13 South. 806, 21 L. R. A. 772, it was said that the intent of the statute—

"was to prevent the use of the name of a person not interested in a firm, and thus inducing a false credit to which it was not entitled.    *   *   *   Beyond this the statute cannot be extended by implication, or even by a liberal construction."

The District Court found as a fact that credit was not advanced upon the belief that defendant in error had a partner. In addition, it will be observed that the name under which defendant conducted his business does not fall within the literal terms of the statute.

Error is also assigned upon the refusal of the court to hold that plaintiff in error was justified in refusing to deliver the lumber, upon the ground that defendant in error was in arrears in making payments. The court found as a matter of fact that such was not the reason which actuated plaintiffs in error, but that the advance in price of lumber was the real reason. Plaintiffs in error are bound by this finding of fact upon the evidence, which was conflicting.

Finally, it is contended that the judgment was excessive. This assignment is well taken. There were three orders given and accepted, numbered 61, 62, and 76. It is admitted that defendant in error lost profits amounting to $396.40 on orders numbered 61 and 62. The trial court held that plaintiffs in error had 262,000 feet of lumber which it should have delivered under order No. 76. The loss of profits on the several grades of lumber included in this order varied considerably. There was a loss of $18 per thousand on only 25,000 feet of lumber. Defendant in error did not himself claim a loss so great as that on any other grades. The trial court fixed the loss at $18 per 1,000 feet on all of the lumber which it found plaintiffs in error were bound to deliver, and based this ruling upon the fact that the quantity of the different grades on hand was peculiarly within the knowledge of plaintiffs in error, and that, upon their failure to produce evidence of the various grades on hand, judgment should be awarded upon the highest grade, and the one upon which the greatest loss was incurred. Even if the evidence and the conduct of plaintiffs in error at the trial justified that assumption, yet the judgment is for an amount greater than the loss defendant in error sustained or claimed on the lumber which he was entitled to receive. Therefore the judgment is excessive, and for that reason it must be reversed.