Kent & Co. vs. Mojonier.

## No. 9082.

### J. R. KENT & CO. vs. J. F. MOJONIER.

An appellee, personally cited within the year, cannot be heard to say that he was not legally cited and to ask a dismissal of the appeal.

Sections 2668 and 2669 of the Revised Statutes, are intended to prevent the use of the name of a person not evidently interested in a firm and thus inducing a false credit to which it was not entitled. While they are designed to prohibit the *obtaining*, they do not forbid the *giving* of credit. A debtor cannot repudiate a contract of which he retains the fruit.

Questions of fact only are presented on the main and on the reconventional demands.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Hahn*, J.

*S. S. Carlisle* for Plaintiffs and Appellees.

*R. H. Marr* for Defendant and Appellant.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff and appellee moves for the dismissal of the appeal on two grounds:

1. That no legal and proper citation of appeal has been served in this cause and that the fault or omission is attributable to the appellant.

2. That there exists no valid legal order of appeal to this Court.

In answer to those objections, it suffices to say, that the judgment appealed from having been signed on March 3, 1883, and the petition for a devolutive appeal having been filed, the order granted, the bond furnished and the citation personally served—all *before* the 12th of January, 1884, a month and some twenty days prior to the expiration of the year allowed—plaintiff has surely no reason to ask the *dismissal* of the appeal. *Motion denied.*

## PLEADINGS.

This is an action for the recovery of the price of a boiler, pump and engine sold defendant, as also for the payment of advances and supplies furnished him, to raise his rice crop; interest, commissions and penalties included; the claim amounts to $3318 19. On the averment of a privilege, the plaintiff sequestered the machinery and part of the crop, which defendant attempted in vain to release.

The defendant excepted on the ground, that there did not exist a firm by the name of J. R. Kent & Co.; that J. R. Kent, as the only representative of such firm, has transacted business under its title, in violation of a prohibitory law and has no standing in court.

The exception having been overruled, the defendant answered, denying any liability and, reconvened, claiming the price of labor furnished and damages alleged to have been sustained, mainly by reason of the loss of his crop for want of proper irrigation, by the fault of plaintiff.

Called upon to elect between the demand for the price of sale of the machinery and the ownership of the same, for which provision had been made in the alternative, in the prayer of the petition, plaintiff elected the ownership, to credit defendant with the sum asked for the pump and accessories.

After a protracted trial the district judge gave plaintiff a judgment for $916 19, with interest, at different rates on two fractions of that amount and dismissed the reconventional demand.

From this judgment the defendant has appealed. The plaintiff, far from complaining, by asking an amendment, prays for its affirmance.

---

## ON EXCEPTIONS.

The law upon which the defendant relies to show that J. R. Kent has no standing in court, to sue in the name of the firm of J. R. Kent & Co., in which no one besides himself is interested, is embodied in sections 2668 and 2669 of the Revised Statutes, which it is not urgent to reproduce here.

Their provisions are borrowed from the New York legislation on the same subject. (Ch. 281, S. S. Laws 1833).

The highest court of that State has had, twice at least, occasion to consider and expound the purpose and scope of the statute and has emphatically announced, that its intent was to prevent the use of the name of a person not interested in a firm and thus inducing a false credit to which it was not entitled and this, on the strength of a name which had been withdrawn or which there was no authority to use.

It was against fraud and imposition which might be practiced upon innocent parties who dealt with the person who transacted business in the name of a party whose interest had ceased, or who never had any in the same, that the statute was directed. Beyond this, the statute cannot be extended by implication or even by a liberal construction. 83 N. Y. 74; 72 N. Y. 198; 50 N. Y. 314; also, 5 Wheat, 56; 7 Wall. 486; 12 How. 83.

We fully concur with that able court and hold that the object of the law was to prevent the *obtaining* and *enforcing* of credit, secured by fraudulent representations, and that it was not designed to prevent the innocent infringer of its prohibition from *giving* credit and, after it was given and the day of settlement had come, from demanding reimbursement, or satisfaction, to the full extent of his rights, from the benefited obligor. It would be, in the highest degree, inequitable and unjust to permit a debtor to repudiate a contract, the fruit of which he retains.

The penalty attached to an infraction of the law could be inflicted, in a criminal prosecution, only at the instance of one wronged by the obtaining of an unfair or undue advantage, procured by false and fraudulent representations, by one clearly in contravention of law.

Whatever the statute and the penalty affixed to its violation may be, we are clear that the penalty cannot be extended to a civil case, where the action is to recover money from one to whom it was lent, or to whom credit was *given*, who was not deceived and who lost nothing by his dealings with his creditor. J. R. Kent, dealing under the name of J. R. Kent & Co., could induce no one to believe that he was not concerned in the firm. Dwarris on Statutes, 248; Sedgwick St. and Const. Law, p. 73, 250; 9 A. 251; 10 A. 346.

The exception was properly overruled.

## ON THE MERITS.

The claim of plaintiff for $3318 19 was reduced by three items by the district judge: the discount of a note of $2250 furnished for the machinery ($52); the value of thirty-two sacks of rice, received by Kent and not accounted for, ($100), and the cost of the engine and pump taken back by Kent in place of the note ($2250), aggregating $2402, which left a balance of $916 19, for which judgment was rendered.

The appellant contends that the district judge should have credited him with four other items, which ought not to figure in plaintiffs' account.

1. He complains that the item of $78 18, of interest on balance of account, should be reduced to $25 18.

2. He next urges that the item of $15 50, discount on a note of $750, should not be allowed as the note was never discounted and did not pass out of Kent's possession.

3. He further objects to another item of $112 20 for commission on advances, interest having been charged.

4. Finally, he opposes the last item of $331 92, represented as a penalty or forfeiture of five per cent on 1207 barrels of rice, which should have been and were not shipped; claiming that the judgment appealed from should be cut down by the total of these different amounts, $512 62, so as to leave, in plaintiffs favor, a balance of only $403 57.

The defendant, as plaintiff in reconvention, avers that plaintiff is indebted unto him in the sum of $432 46, as the price of labor furnished to put up the pump and machinery; as damages sustained by the failure of Kent to enable him to save his crop, to account for part of the crop seized and to take proper care of the articles sequestered. He superadds a counter claim of $16 21 for improper charge to him of the registry against him and his crop, of the two acts according to which the two notes of $2250 and $750 were issued, the two items aggregating $448 67—thereby remaining, from his stand point, a creditor of plaintiff for $45 10, and thus extinguishing, entirely, the balance on the judgment.

1. It is clear that as the note of $2250 must be considered, in consequence of plaintiff's election, to have had no consideration, the interest of $43 50 claimed should not be allowed. We fail to perceive how interest should not be charged, however, on the other note of $750, of which that much cannot be said.

2. The item of $15 50 should not be allowed, as the last mentioned note was not discounted by Kent, but remained in his possession and as he claims interest on it.

3. The charge of $112 20 for commission at two and one-half on advances ($44 88) should likewise be denied. The plaintiff cannot be permitted to charge both interest and commissions. 34 A. 895 (7); Succession of Rhoton and authorities there cited.

4. The claim for the penalty or forfeiture should not be countenanced. It does not appear from the contract between the parties that the defendant was, under any circumstance, bound to ship the 1207 barrels of rice, but only such as would be harvested, gathered, threshed and conditioned for market. The defendant shipped and the plaintiff

received, the only rice (393 barrels) coming within the intent of the agreement, which should not be construed and enlarged beyond its real purpose and compass.

We, therefore, find that the defendant is entitled to have stricken from plaintiff's account the four items aforesaid, which aggregate $503 12, with which the judgment appealed from should have been credited, so as to be for $413 07 only, on the main demand.

As to the claim set up in reconvention, we think that the defendant should not recover, for the obvious reason that, if it be true that Kent was dilatory in furnishing the pump, the defendant has waived what right he might have had by procuring assistance in putting it up. As a necessary consequence, the claim for damages lapses. Nothing shows that plaintiff can be held responsible for the other damages said to have been sustained, by reason of the sequestration. We think the plaintiff is entitled to the cost of registry of the two acts which were designed to secure his privilege on the machinery and on the crop. Such costs are always paid by the obligor.

It is, therefore, ordered and decreed that the judgment appealed from be amended by striking therefrom the allowance of nine hundred and sixteen dollars and nineteen cents ($916 19) with eight and five per cent on different amounts thereof, and substituting thereto the allowance of four hundred and thirteen dollars and seven cents ($413 07) with eight per cent interest thereon, per annum, from October first, 1879, till paid, as the only amount which plaintiff is entitled to recover from defendant in this suit, and that thus amended, said judgment be affirmed, the costs of the lower court on the main demand to be paid by defendant Mojonier and those on the reconventional demand; and those on appeal by the plaintiff and appellee.

---

## ON APPLICATION FOR REHEARING.

The last portion of the decree apportioning the costs is misconstrued.

It should, therefore, be made more explicit to dispel all doubts, as to its precise meaning. This can be done without granting a rehearing.

It is, therefore, amended so as to read as follows:

"The costs of the lower court, on the main and on the reconventional demands, to be paid by defendant Mojonier, and those on appeal to be borne by plaintiff and appellee.

Rehearing refused.