# Pelican Insurance Co. *v.* Smith.

*Action on Policy of Insurance against Fire.*

1. *Misrepresentations as to title or interest of insured.*—Where S. applied for insurance in the name of S. & Co., on a store-house and stock of goods, saying "I want to take out a policy on my store-house and goods," and stating that he was "the owner in fee," when in fact he had sold out the property to his wife, and she continued to carry on the business in the name of S. & Co., but the agent of the insurance company had no knowledge or notice of her interest, she can not recover on the policy.

2. *Error without injury in rulings on pleadings.*—Sustaining a demurrer to a special plea, if erroneous, is not ground of reversal, when the record shows that the defendant had the full benefit of the same defense under his other pleas.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. J. M. CARMICHAEL.

This action, brought by the appellee, Mrs. Mary W. Smith, was based on a fire insurance policy; and sought to recover the amount of insurance therein specified. All the facts are sufficiently set out in the opinion.

J. W. FOSTER, and JOHN D. GARDNER, for appellant, cited *West. Asso. Co. v. Stoddard*, 88 Ala. 606; 2 Peters, 49; 10 Peters, 507; 7 Wend. 72; May on Insurance, §§ 181, 184; 4 Wait's Act. & Def. pp. 34, 35, and authorities there cited.

H. L. MARTIN, *contra*, cited 86 Ala. 194; 85 Ala. 351; 84 Ala. 108; 80 Ala. 576; 77 Ala. 210.

COLEMAN, J.—The action was upon a fire insurance policy to recover the value of a store house and goods destroyed by fire. The policy was taken out in the name of Smith & Co. by M. A. Smith, the husband of plaintiff. The defense relied on was misrepresentation and breach of warranty, as to the ownership of the property insured.

There is no material conflict in the evidence of the husband, M. A. Smith, who was examined by plaintiff, and J. A. Speller, the defendant's agent, through whom the policy was issued, examined by the defense. M. A. Smith testified that defendant's agent did not inquire of him who composed the firm of Smith & Co., and he did not make any statement to defendant's agent as to who composed the firm. The evidence showed that M. A. Smith, the husband, who at one time owned and conducted the business of Smith & Co., had sold the store house and goods to his wife, the plaintiff, in payment of his indebtedness to her. There was no evidence to show that the defendant's agent had any notice of the transaction between the husband and wife by which she became the owner of the store house and goods.

Defendant's agent testified, that he did not inquire of M. A. Smith, when the application was made, who composed the firm of Smith & Co.; that when M. A. Smith applied for the policy he said, "I want to take out a policy on my store house and goods," and the application was then filled out, and the applicant, M. A. Smith, signed it, "Smith & Co." That M. A. Smith made the foregoing statement to the defendant's agent is not controverted.

An insurance company has the right to know the real owner of the property insured, and the extent of his insurable interest, and a contract of insurance is one in which the utmost good faith is required of the insured. A representation has been defined to be a statement incidental to the contract,

relative to some fact having reference thereto, and upon the faith of which the contract is entered into.—Wait's Act. & Def., 4 vol., p. 39; May on Ins., § 181. Where the policy by express stipulation requires a full statement as to the ownership of the property, it becomes material, and one who accepts a policy issued upon such statements becomes bound thereby. *Brown v. Commercial Fire Ins. Co.*, 86 Ala. 192; *West. Asso. Co. v. Stoddard*, 88 Ala. 606.

The effect of the negligence of the defendant's agent, in failing to inquire of plaintiff's agent who composed the firm of Smith & Co., is not the only question for consideration. If M. A. Smith was plaintiff in this action, and the defense set up was that defendant issued the policy upon the belief that some other person associated with M. A. Smith, constituted the firm of Smith & Co., the failure to make the necessary inquiry might be fatal to a successful defense; but a material inquiry now is, whether M. A. Smith, by act or statement, represented to the company that he was the owner of the property, or had an interest therein, or whether he suppressed the fact that his wife was the sole member of the firm of Smith & Co., and sole owner of the property insured, under circumstances that made it his legal duty to disclose the real owner to the agent of the defendant. It is not pretended that the agent of the defendant had any notice or knowledge that Mary Walker Smith, the wife, was "Smith & Co.," or had any interest in the property insured. The policy declares the insurance to be upon "their stock of general merchandise." The policy by its terms is to become void "if the interest of the assured be not truly stated in this policy," and it requires "that the interest of the assured must be so represented and expressed in the written part of the policy."

One question to the applicant M. A. Smith is as follows: "Are you owner in fee simple of the property?" Ans., "Yes." The warranty of the truth of the foregoing facts follows the answers, and is signed "Smith & Co." The proof shows that M. A. Smith signed the application, the answers and the warranty. It does not appear any where that he was acting as the trustee or agent of his wife, or as the representative of any person.

The court charged the jury, in effect, that if the policy was issued upon the facts stated in the application, then there could be no misrepresentation in the statements made by M. A. Smith in regard to the ownership of the property insured. If it was competent for plaintiff to prove by parol that in fact she alone was "Smith & Co.," it was equally competent for defendants to show in the same way that M. A. Smith said

to the agent, when he made the application, that he was "Smith & Co.," or that he said "I want to take out a policy on my store house and goods." A party who affirms the existence of a material fact, upon which another is induced to rely and act, is bound by such affirmation although it may not have been made with the intent to deceive. When in response to the question, "Are you the owner of the fee?" and M. A. Smith answered, "Yes," the answer of M. A. Smith legitimately and naturally was referred to his statement that he wanted a policy on "his store house and goods." Good faith and the very terms of the policy itself required of the applicant, if he was acting as the agent of his wife, and had no interest in the property himself, to disclose the fact, when it was apparent that the agent of the defendant misapprehended the correct condition of the property, and the statements and answers of the applicant were calculated to lead the agent of the defendant to such erroneous conclusion. The rule is, that the "insurance company will not be permitted to take advantage of the carelessness or misunderstanding of its own agent, and avoid the policy, *the insured being without fault.*" Sturdy justice requires nothing less. Under the evidence, as it appears now in the record, it is clear that defendant's agent had no information or notice that plaintiff was the owner of the property, and it is equally clear that M. A. Smith, by his statements and answers, induced the defendant's agent to believe he, M. A. Smith, was insuring his own store house and goods, and that he "owned the same in fee." His conduct was in direct violation of his obligation to make known, and have set down in the policy, a true statement of the condition of the title to the property.— *Williamson v. New Orleans Ins. Asso.*, 84 Ala. 108. The general charge in favor of the defendant, under the evidence as it appears in the record, should have been given.

Whatever error there was, if any, in sustaining plaintiff's demurrers to the special pleas of defendant, was without injury, as defendant received the full benefit of the defense intended to be presented by the special pleas to which demurrers were sustained, under the pleas upon which issue was joined. There was no error in the exclusion of the testimony which relates to transactions between the defendant's agent and the defendant, and to which the plaintiff was not a party; neither was it error to exclude the acceptance of service in the matter of the suit by creditors of Smith & Co. in other cases. We have not discussed that phase of the evidence which tends to show that there were two different stores at different localities, one of which at the time the fire occurred,

[Rochester v. Armour.]

according to the evidence, belonged solely to the plaintiff, and her husband M. A. Smith was sole owner of the other, and both doing business at the same time under the one name of Smith & Co., for the reason that the bill of exceptions states that "The proof showed plaintiff's title to the property in question at the time of the application, and at the time of the fire," and the defense principally relied upon was that of breach of warranty and misrepresentation as to the ownership of the property.

It is unnecessary to consider in detail the charges asked for by defendant and which were refused, as the questions involved are settled by the principles of law herein declared, and probably will not arise on another trial. Charges which are misleading or argumentative may always be refused.

Reversed and remanded.