[Capital City Insurance Co. v. Autrey.]


# Capital City Insurance Co. v. Autrey.

### Action on a Fire Insurance Policy.

1. *Insurance; liens created by law within provisions as to liens.*—Liens created by operation of law are within the meaning of the representation in an application for insurance that there were no liens or mortgages on the property of the assured.

2. *Same; same; when a defense.*—When in an action on a policy of insurance it is shown that in the contract of insurance it was stipulated that the statements and representations by the insured in his application were a part of the policy and warranted to be true, and that in answer to the question, "Is there any lien or mortgage on the property?" the insured answered, there was not, a plea which sets up that at the time of the execution of the policy there was a lien upon the property insured, by reason of the certificate of a judgment, with waiver of exemptions, having been duly recorded in the office of the judge of probate, presents a good defense, and is not demurrable on the ground that the provision of the policy of insurance, in reference to liens, does not include liens created by law.

3. *Same; when policy invalidated by false statements in application.*—When a contract of insurance stipulates that if the exact interest of the insured was not truly stated in his application, the policy was to be void, an answer in the application in response to the inquiry, "Is your ownership of the property to be insured absolute, unqualified and undivided?" that it was, invalidates the insurance when it is shown that there were others interested in the property insured, to the extent that they and the assured were each to perform certain services in reference thereto, and participate in the proceeds from the sale thereof.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

The facts of the case are sufficiently stated in the opinion.

KNOX & BOWIE, for appellant.—1. The effect of a breach of warranty or misrepresentation of any material matter contained in the application for insurance or the policy itself is to vitiate the policy.—*Western Assurance Co. v. Stoddard*, 88 Ala. 606 ; *Pelican Ins. Co. v. Smith*, 92 Ala. 429 ; *Phoenix Ins. Co. v. Copeland*, 86 Ala. 551 ; *Dewees v. Manhattan Ins. Co.*, 34 N. J. L. 244 ; *Carson v.*

[Capital City Insurance Co. v. Autrey.]

*Jersey City Ins. Co.*, 43 N. J. L. 302 ; *Jennings v. Chenango Mut. Ins. Co.*, 2 Denio, 75 ; *Foot v. Aetna Life Ins. Co.*, 61 N. Y. 575–6 ; *Dwight v. Germania Life Ins. Co.*, 103 N. Y. 347–8 ; *Bank v. Ins. Co.*, 50 N. Y. 45 ; 1 May on Ins., §§ 156, 291, 291a; *Brown v. Com. Fire Ins. Co.*, 86 Ala. 189.

2.  A judgment lien duly recorded in compliance with the statute, before the making of the application or issuance of the policy, is such a breach of warranty or representation that there are no liens or incumbrances on the property, and that the ownership is absolute, unqualified and undivided, and is such a misrepresentation of the true condition of the title, as will vitiate the policy: 1 May on Ins., §§ 291-291a; Ostrander on Fire Ins., §§ 199, 203 ; 1 Biddle on Ins., § 218; *Bowman v. Franklin Ins. Co.*, 40 Md. 620; *Redmon v. Ins. Co.*, 51 Wis. 293, s. c. 37 Amer. Rep. 830; *Hench v. Ag. Ins. Co.*, 122 Pa. St. 128, s. c. 9 Amer. St. Rep. 75 ; *Hicks v. Farmers Ins. Co.*, 60 Amer. Rep. 781, s. c. 71 Iowa 119 ; *Leonard v. Am. Ins. Co.*, 97 Ind. 299 ; *Seybert v. P. M. Ins. Co.*, 103 Pa. St. 282 ; *Penn. M. Ins. Co. v. Schmidt*, 119 Pa. St. 449; *Gottsman v. Penn. Ins. Co.*, 56 Pa. St. 210 ; *Liberty Ins. Co. v. Boulden*, 96 Ala. 508.

3.  The mere fact that the lien of the judgment is created by operation of law makes no difference in principle. *Liberty Ins. Co. v. Boulden*, 96 Ala. 508 ; *Redmon v. Ins. Co.*, 51 Wis. 293; *Hicks v. Farmers Ins. Co.*, 60 Amer. Rep. 781, and cases above cited.

4.  The mere fact that the assured had no actual knowledge that the certificate of the judgment had been filed and recorded makes no difference in this case.— *Phoenix Ins. Co. v. Copeland*, 86 Ala. 551; *Foot v. Aetna Ins. Co.*, 61 N. Y. 575-6 ; *Munroe v. Pritchett*, 16 Ala. 785 ; *Joseph v. Seward*, 91 Ala. 599 ; *Liberty Ins. Co. v. Boulden*, 96 Ala. 508.

5.  The relation existing between the plaintiff, Frank Autrey, and his two brothers, even as testified to by plaintiff himself, constituted himself and his brothers tenants in common of the property insured, and the failure to disclose such interest is a breach of warranty which will vitiate the policy.—*Brown v. Com. Fire Ins. Co.*, 86 Ala. 189 ; *Cowles v. Garrett*, 30 Ala. 341 ; *Tayloe v. Bush*, 75 Ala 432 ; Freeman on Co-tenancy and Partition, § 101 ; *Thompson v. Mawhinney*, 17 Ala. 362; *Tan-*

*ner v. Hills*, 44 Barb. 430 ; *Wilber v. Sisson*, 53 Barb. 262.

C. C. WHITSON, *contra*—1. The lien of a judgment is not the subject of and has none of the properties of a contract. It is the creature of legislation, and may be taken away without impairing the obligation of contracts—is a statutory lien.—*Mobile Sav. Bank v. Burke*, 94 Ala. 125 ; *Enslen v. Wheeler,* 98 Ala. 200 ; *Curry v. Landers*, 35 Ala. 280.

2. The fact that there were liens upon the property insured created by operation of law, but not created by the voluntary act of the insured; is not sufficient to invalidate the policy, because the assured stated that there was no lien or incumbrance of any kind upon the property. In such cases, "the warranty concerning incumbrances includes only incumbrances created by the act or with the consent of the assured, and not those created by the law." For which reason, as held by the Supreme Court of the United States, such a policy "was not avoided by the omission to disclose the fact that delinquent taxes on the premises for previous years were due and unpaid, although by the statute of Nebraska (the State where the case arose) taxes were made a lien on the real estate taxed."—*Horsford v. Hartford Fire Ins. Co.*, 127 U. S. 404 ; *Horsford v. Germania Fire Ins. Co.*, 127 U. S. 304 ; *Baley v. Homestead Fire Ins. Co.*, 80 N. Y. 21, s. c. 36 Amer. Rep. 571 ; *Green v. Homestead Fire Ins. Co.*, 82 N. Y. 519; *Steen v. Niagara Fire Ins. Co.*, 89 N. Y. 327 ; *Nassauer v. Susquehanna Fire Ins. Co.*, 109 Pa. St. 513 ; *Hammel v. Queen Ins. Co.*, 54 Wis. 72, s. c. 41 Amer. Rep. 1; *Phenix Ins. Co. v. Pickle*, 119 Ind. 155, s. c. 12 Amer. St. Rep. 393 ; May on Ins., § 292. Such conditions should be construed in the same manner as conditions in leases, against assignments, and it is well settled that an assignment by operation of law is not a breach of such a condition.—4 Kent's Com., 124. *Baley v. Homestead Fire Ins. Co.*, 80 N. Y. *supra.*

3. The entire ownership clause does not necessitate the statement of a mortgage, and the condition that if the interest of the insured was not truly stated or was any other than the entire, unconditional and sole ownship, of the property, is not broken by the incumbrance of an undisclosed mortgage. "If the company desired information as to mortgages, they should have used

language to which no doubt could attach.' '—May on Insurance, § 287; *Dolliver v. Fire & M. Ins. Co.*, 128 Mass. 315, s. c. 35 Amer. Rep. 378; *Carson v. Fire Ins. Co.*, 14 Vroom 300, s. c. 39 Am. Rep. 584; *Manhattan Fire Ins. Co. v. Weil*, 28 Gratt. (Va.) 289; *Quarrier v. Peabody Ins. Co.*, 27 Amer. Rep. 582; *Hubbard v. Hartford Fire Ins. Co.*, 11 Amer. Rep. 125; *Washington Fire Ins. Co. v. Kelly*, 3 Amer. Rep. 149.

4. The contract between plaintiff and his brothers in respect to harvesting the hay, and the agreement to compensate them for their work by an interest in the profits after all of plaintiff's expenses had been paid, they in no event to be liable for any losses, did not give them any interest in or title to the *corpus* of the property, nor make the parties partners *inter sese*.—*Franklin Ins. Co. v. Vaughn*, 92 U. S. 516; *Pulliam v. Schimpf*, 100 Ala. 362. To constitute the relation (partners) *inter sese*, the contract must extend beyond a common agreement to share in the profits. It must equally bind the parties to bear the burden of the losses."—*Goldsmith v. Eichold Bros.*, 94 Ala. 115; *McDonnell v. Battle House*, 87 Ala. 90; May on Insurance, § 287c, p. 576; Lindley on Partnership, § 326; *Lee v. Wimberly*, 102 Ala. 539. The contract between plaintiff and his brothers only gave them an interest in the profits, their compensation being entirely contingent on the fact that a profit should be realized from the sale of the hay, after all expenses were paid, and was incapable of ascertainment save by a sale of it. There was no expense or implied contract to pay them wages, besides the hay could not be considered a crop grown during the current year. They had no lien on the property as agricultural laborers.—Code of 1886, § 3078.

COLEMAN, J.—The plaintiff, Autrey, sued the defendant upon a policy of insurance to recover the value of a lot of hay, which had been destroyed by fire. There is but little conflict in the evidence on any point, and we do not deem it necessary to consider more than two or three questions.

In the contract of insurance, it was stipulated that the statements and representations made by plaintiff in his application for insurance were a part of the policy and warranted to be true; and it was further stipulated that

if the exact interest of the insured was not truly stated, the policy was to be void. The application contains the following questions and answers :

"Title : Is your ownership of the property to be insured absolute, unqualified and undivided? Ans. Yes."

"Has any other person claimed property? Ans. No."

"Incumbrance : Is there any lien or mortgage on the property, if so, for what amount? Ans. No."

Among other pleas, the defendant pleaded that at the time of the execution of the policy, one W. E. Story, Ex. &c. had a judgment with waiver of exemptions against the plaintiff, which had been duly recorded in the office of the judge of probate as provided in the statute, and which thereupon became a lien upon the property. In a separate plea, as a defense, the defendant averred that one Jeff Autrey and B. P. Autrey were interested and had a just claim and interest in and to the property. These pleas were drawn out formally, setting up all necessary facts to present them as a defense.

The court sustained a demurrer to the plea, which set up the judgment lien as a defense, upon the grounds, that the provision in the insurance policy in reference to liens and incumbrances, did not include liens created by law, but only those created by contract of parties. In this the court erred. A lien upon property in favor of a stranger, though created by operation of law, may affect the interest of the insured, as much so as one created by the contract of the parties. The reasons which influence the insurer to inquire and ascertain the existence of liens of the one character apply with equal force to liens of the other kind. A lien created by operation of law would be equally potent as one created by contract, to incite or induce the insured to destroy his property or to be less careful in its preservation. The insurer has the right to know the exact condition of the property to be insured, and the extent of the interest of the insured therein. The question is plain and broad—"Is there any lien upon the property?" The answer is unequivocal and positive that there is no lien or incumbrance on the property. The question is not, whether there is a contract lien, but any lien or incumbrance.

We recognize the principle, that when parties contract with each other they are presumed to do so with refer-

ence to facts and laws known to both, whether there is
any specific reference to such facts and statutes or not.
Thus where a party insures property in those States
where by statute a lien is given upon all property for
the payment of taxes, it will be presumed, that both par-
ties knew of such liens, but not so as to a lien of a judg-
ment or vendor's lien. This would be a fact within the
knowledge of the applicant for insurance, and not pre-
sumed to be within the knowledge of the insurer. In
such cases it would be the duty of the applicant for in-
surance, upon proper inquiries, to disclose the condition
of the property, and the extent of his absolute, and un-
qualified interest in the property.—*Pelican Insurance Co.
v. Smith*, 92 Ala. 428 ; *Brown v. Commercial Fire Ins. Co.*,
86 Ala. 189.

We are of opinion the facts show, that the brothers of
plaintiff, Jeff and B. P. Autrey, owned an interest in the
property within the meaning of the contract of insurance.
As stated by the plaintiff the facts are substantially as
follows : The plaintiff purchased the hay as it stood in
the field. He and his two brothers agreed to harvest the
hay for market, each to contribute proportionately to this
expense, that after the hay was sold, and the rental or
purchase money and some machinery and expenses of
harvesting and selling were paid for, the remainder of
the proceeds was to be equally divided between the three.
There was evidence that Jeff Autrey and plaintiff both
stated in the presence of each other, that all three of the
brothers were equally interested in the hay. We need
not determine, whether the contract between the Autreys
constituted them tenants in common or not. We are
very certain that they owned an interest in the hay which
the applicant should have disclosed in response to the
inquiry, "Is your ownership of property, absolute, un-
qualified and undivided?" The court erred in giving
the general charge for the plaintiff.

The court also erred in sustaining a demurrer to the
plea in which the lien of an existing judgment was
pleaded as a defense,

Reversed and remanded.