## No. 11,635.

IN THE MATTER OF THE PELICAN INSURANCE COMPANY OF NEW ORLEANS, IN LIQUIDATION.

An insurance company can not resist the payment of a policy obtained in good faith, and without misrepresentation, issued to a firm, when there is only one person in said firm; particularly when the agent issuing the policy knows that only one person composes said firm.

It is no defence to the payment of the loss, that the policy was signed by officers who had ceased to be such when the policy issued.

A party who obtains a policy from a former agent of the company with whom he had done business, and who has in his possession blank applications and policies, will be protected in the absence or actual knowledge on his part that the party acting as agent, was, in fact, not the agent of the company.

Section 2668 R. S. was intended to prevent the use of the name of a person not evidently interested in the firm, thus inducing a false credit which the law designed to prohibit. It does not forbid the giving of credit. 45 An. 1100.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Frank McGloin* for Liquidators, Appellants.

*Dinkelspiel & Hart* for Civil Sheriff, Opponent, Appellee.

*Carroll & Carroll* for W. F. Grubbs, Opponent, Appellee.

*Harry H. Hall* for Mrs. M. W. Smith, Opponent and Appellee.

Argued and submitted, April 11, 1895.

Opinion handed down, April 22, 1895.

Opinion refusing rehearing, May 20, 1895.

The opinion of the court was delivered by

McENERY, J.  To the account of the liquidators of the Pelican Insurance Company, several oppositions were filed, as follows:

W. F. Grubbs, for one thousand dollars.

Mrs. M. W. Smith, for one thousand. nine hundred and thirty dollars.

The State of Louisiana, for taxes.

The city of New Orleans, for taxes.

The civil sheriff of New Orleans, for costs.

There was judgment maintaining the oppositions.

The liquidators appealed.

W. F. Grubbs & Co., doing business in North Carolina, insured a stock of Goods in the Pelican Insurance Company.

There was a total loss by fire.  W. F. Grubbs was the only member of W. F. Grubbs & Co., and he claims as beneficiary.  For the reason that he was the sole member of said firm the liquidators oppose his demand, and invoke the provisions of Sec. 2668, Revised Statutes, which says: " No person shall transact business in the name of a partner not interested in his firm, and when the designation ' and Company, or & Co.' is used, it shall represent an actual partner or partners."  An interpretation has been placed upon this section in the cases of Kent & Co. vs. Mojonier, 36 An. 259; Miller & Co. vs. Creditors, 37 An. 604, and Wolfe vs. Joubert, 45 An. 1100; in all of which it was held that Sec. 2668 was intended to prevent the use of the name of a person not evidently interested in the firm, thus inducing a false credit to which it was not entitled, and which the section was intended to prohibit the obtaining.  It does not forbid the giving of credit.  The section of the Revised Statute does not pronounce the contract entered into with a firm composed

solely of one member null and void.   The debtor of such a partner-
ship or firm can not plead the nullity of his engagement on account
of the creditor's violation of the statute where the only penalty
affixed to its violation is making it a misdemeanor and subjecting
the offender to a fine.   Wolfe vs. Joubert, 45 An. 1100.

But the contract of insurance was made in North Carolina, and
there was no violation of the statute in Louisiana.   We are not in-
formed that a similar statute exists in North Carolina.   *Id.*

The liquidators affirm that there was a false representation to the
insurance company when W. F. Grubbs & Co. took out the policy,
as that firm was supposed to have entered into the contract with the
insurance company, and not with W. F. Grubbs individually.   We do
not think that the withholding of this knowledge from the insurance
company, that W. F. Grubbs was the only member of the firm, was
the omission of a fact material to the risk.   It had no reference to
the valuation, situation or occupancy of the property insured, and
the title to the same was really in the party effecting the insurance.
The agent, however, who issued the policy was aware of the fact
that W. F. Grubbs was the sole member of the firm.   It does not
appear from the testimony that W. F. Grubbs used the name of W.
F. Grubbs & Co. for the purpose of obtaining any advantage over
the company.   W. F. Grubbs acted in good faith in obtaining the
policy, and no fact was withheld by him which it was essential for
the insurance company to know.

In the case of Pelican Insurance Company vs. Smith, 92 Ala. 428,
to which we have been referred, the issue in the case was not
the same as in this.   Smith & Co., which was composed only of M.
A. Smith, took a policy on a storehouse and goods.   Before the ap-
plication for the insurance, M. A. Smith sold the storehouse and all
goods to his wife.   No disclosure was made to the company that Mrs.
Smith was owner of the property insured.

In the opinion, the Supreme Court of Alabama said:  " Under the
evidence as it now appears in the record, it is clear that defend-
ant's agent had no information or notice that plaintiff was the
owner of the property, and it is equally clear that M. A. Smith, by
his statements and answers, induced the defendant's agent to be-
lieve he (M. A. Smith) was insuring his own property and goods,
and that he owned the same in fee simple."

In another part of the opinion the court said:  " If M. A. Smith

was plaintiff in this action, and the defence set up was that defend-ant issued the policy upon the belief that some other person asso-ciated with M. A. Smith constituted the firm of Smith & Co., the failure to make the inquiry might be fatal to the defence.''

The agent in North Carolina failed to make any inquiry as to the composition of the firm of W. F. Grubbs & Co. But it is a fact that the agent knew that W. F. Grubbs was the sole member of the firm.

The Pelican Insurance Company had a general agent at Raleigh, in North Carolina, who appointed the sub-agent, with whom the opponent, Grubbs, did business.

The company withdrew from the State, and so informed its gen-eral agent, who was instructed to return to the home office all blank policies, etc. No public notice was given of this withdrawal, nor was any information conveyed directly or constructively to W. F. Grubbs that the company had ceased business in North Carolina. The agent who issued the policy to W. F. Grubbs & Co., and with whom said firm, or W. F. Grubbs, had been doing business, swears that he had never received any notice of the withdrawal of the company from North Carolina. He still had in his possession the blank applications and p.licies. The possession of these blanks by the agent would lead one, not informed otherwise, who had been in the habit of insuring with the agent, that he was still in the ser-vice of the company.

It is urged by the liquidators that the names of the officers at-tached to the policy were not in fact officers of the company, and had ceased to be such long before the policy issued. But it was used by the company, and when issued by the agent, became properly an authenticated policy of the company.

One of the liquidators and ex-president of the company says that when new officers were elected, it was not usual to call in blank pol-icies signed by their predecessors. They were still used.

Through error, a credit of eighteen dollars and eighty cents, paid after the sheriff's cost bill was filed, was not allowed in the judg-ment, although it was presented to the court below. The civil sheriff prays for an amendment of the judgment allowing the credit, and for a release from the tax for costs of appeal.

The error should have been corrected below, or a release before appeal was taken given to the liquidators.

In order to correct the error, an appeal became necessary.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended so as to reduce the sheriff's costs to twelve dollars and fifty cents, and in all other respects it is affirmed, the sheriff and the liquidators to pay equally the costs of this appeal.

### On Rehearing.

We will amend the judgment in this case as to costs, and a rehearing is not necessary for this purpose.

The attorney of the sheriff directed our attention to the case of Succession of Mansion, 34 An. 1246, and the costs were assessed in accordance with the decree in that case. But we think the circumstances of the case will fully justify an amendment of the decree, fixing the costs to be paid by the sheriff at one-fifth of the amount of costs of appeal.

It is therefore ordered that the decree heretofore rendered be amended so as to read: "The sheriff to pay one-fifth of the costs of appeal and the liquidators to pay the other four-fifths. In other respects the decree to remain undisturbed."

Rehearing refused.