ST. PAUL, J.
Plaintiff alleges that, whilst doing business in Arkansas under the trade- *949 name of M. M. Smith, he leased from defendant a certain store in this state, of which defendant failed to deliver possession, whereby he was damaged, etc.
The defendant filed an exception of no cause of action, on the ground that the correspondence does not show a complete contract, and on the further ground that plaintiff was doing business contrary to the provisions of Revised Statutes, §§ 2668, 2669, and Act 64 of 1918.
I.
Wp think the correspondence shows a complete contract. On December 3, 191S, defendant wrote plaintiff definitely that the lease would begin on January 1st.
II.
[1] Sections 2668 and 2669 of the Revised Statutes provide that no person shall transact any business in the name of a partner not interested in his firm, under a penalty not exceeding $1,000; and Act 64 of 1918 provides no person shall do any business under an assumed name, or any name other than his own, without registering with the clerk of court a certificate showing the name so assumed and his real name and address, under penalty of fine and imprisonment.
[2, 3] It is a general rule that, in the absence of statute to the’ contrary, a person may transact business and execute his contracts under any name he may choose to adopt, provided, of course, no fraud be committed, 29 Cyc. 270; Robinovitz v. Hamill, 44 Okl. 437, 144 Pac. 1024, L. R. A. 1915D, 981, and note. And whether there was any fraud committed in this case is a matter of defense, but does not arise on the exception of no cause of action.
On the other hand, where there is a statute on the subject, the courts are divided as to whether or not the business so done is or is not so stricken with nullity as to preclude any recovery in such cases. In Hunter v. Big Pour Auto Co., 162 Ky. 778, 173 S. W. 120, L. R. A. 1915D, 987, it was held that no recovery could be had, but, as said in the note to that ease, the weight of authority is the other way; and among the courts holding to the contrary are those of Louisiana. See Kent v. Mojonier, 36 La. Ann. 259; Wolfe v. Joubert, 45 La. Ann. 1104, 13 South. 806, 21 L. R. A. 772; In re Pelican Ins. Co., 47 La. Ann. 935, 17 South. 427.
In the last-named case the court said:
“The debtor of such a partnership or firm cannot plead the nullity of his engagement on account of the creditor’s violation of the statute, where the only penalty affixed by the statute to its violation is making it a misdemeanor and subjecting the offender to a fine.”
Decree.
The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action herein filed be overruled, and the ease remanded for further trial.
O’NIELL, J., being absent from the state, takes no part in the decision of the case.
Rehearing refused by the Whole Court.