**180 So. 506**

### BRUNSON v. MUTUAL LIFE INS. CO. OF NEW YORK.
### No. 34728.

April 4, 1938.

Kennon & Kitchens, of Minden, for relator.

Frederick L. Allen, of New York City, and Montgomery & Montgomery, of New Orleans, for respondent.

HIGGINS, Justice.

The widow of the deceased instituted this action claiming twice the amount of the face value, under the double indemnity clause, of an insurance policy issued by the defendant on the life of her husband. She alleged

that the insurance contract was entered into on November 29, 1927, for the sum of $2,000 with a double indemnity provision; that all of the premiums had been paid; that her husband died on March 20, 1936, and the defendant paid her the sum of $2,000, but denied liability under the accident or double indemnity provisions of the policy; that:

"* * * His death came violently and suddenly and within the double indemnity provisions of the said attached policy. * * *

"4. That her husband was not sick prior to his said death and was in the enjoyment of the same state of health and physical fitness that had been his for years. That on the 19th day of March, 1936, he went to his dentist in Minden, Louisiana, who extracted several of his teeth, preparatory to the making of a plate.

"That said extractions constituted an external and violent injury to his jaws and gums; *that through unexpected and accidental complications from said extractions, he came to his death the following day.*

"That the pulling of said teeth was not intended to result in serious and certainly not a fatal conclusion. However, said extractions did result in his death.

"5. That on the morning of March 20th, 1936, he arose about six o'clock A. M., with an unusual pain around his heart, but made coffee as usual. That he ate his breakfast about seven-thirty A. M., and worked during the morning. That he came in at noon and ate his noonday meal, but lay down for a time. That he sent in to Minden for Dr. W. McDade. That evening he did not feel well and ate a light supper; that after supper he took a tablet prescribed by Dr. McDade, Minden, Louisiana. That about an hour later he was talking of taking another tablet when he suddenly and without warning died.

"6. That his death resulted solely from bodily injury through the external injury and the violent and accidental and unexpected outcome of the extraction of his teeth." (Italics ours.)

The defendant filed exceptions of no right and no cause of action, which were sustained by the district court on the ground that the plaintiff had alleged the accidental death of the deceased but not a case of death by accidental means, and that the double indemnity clause covered only the latter situation.

The Court of Appeal affirmed the judgment of the lower court sustaining the exception of no cause of action on the ground that the plaintiff might have a cause of action but had failed to allege it. It annulled the part of the judgment sustaining the exception of no right of action. A rehearing was denied. 180 So. 211. Plaintiff then applied to this court for a writ of certiorari, which was granted with a rule nisi, and the record, together with the briefs of counsel, were duly filed on the return day.

The position of the defendant is that the double indemnity clause of the insurance contract covered only a case of death by accidental means; that the case of Parker v. Provident Life & Accident Ins. Co., 178 La. 977, 978, 152 So. 583, in effect overruled

Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A.L.R. 1521, in holding that the insurance company, under the double or accidental clause of the policy, was only liable to the beneficiary where the insured died as a result of accidental means and was not liable where the petition and the evidence showed that deceased's death was accidental; that in the instant case, it appears from the affirmative allegations of the plaintiff's petition that the deceased's death did not result from accidental means; and that therefore the judgments of the district court and the Court of Appeal are correct.

The first point made by the plaintiff is that, since the insurer wrote the policy, every provision found therein should be construed in favor of the insured and beneficiary where there is any doubt, uncertainty, or ambiguity; citing Article 1957, R.C. C.; Manufacturers' Accidental Indemnity Co. v. Dorgan, 6 Cir., 58 F. 945, 22 L.R.A. 620.

Counsel points out that on page 1, the line just above the president's signature reads as follows:

"The succeeding pages 2, 3 and 4 of this Policy are a part of this contract."

He then refers us to the reverse side of page 4 of the policy, where we find the following:

"New Orleans
"No. 3,903,856

"The Mutual Life Insurance Company of New York
"Ordinary Life Policy
with

"*Double Indemnity for Death by Accident*
and
"Increasing Total and Permanent Disability Benefits on the Life of
"Charlie A. Brunson
Amount $2000.
Date November 29, 1927
Annual Premium $84.96
"Payable for life unless dividends applied to shorten period."   (Italics ours.)

The first page of the policy reads, as follows:

"Mutual Life Insurance Company of New York
(First policy issued February 1st, 1843).
Will Pay
to the Insured's wife Lula F. Brunson, the Beneficiary
Death Benefit   Two Thousand   Dollars
(Face amount of this Policy.)
upon receipt of due proof of the death of   Charlie A. Brunson,   the Insured,
or
Double
Indemnity   Four Thousand   Dollars

(Double the Face amount of this policy.) upon receipt of due proof that such death resulted from bodily injury effected solely through external, violent, and accidental means, and occurred within ninety days after such injury, all upon the conditions set forth in Section 1.   *   *   *"

On the second page of the policy, in small type, this paragraph appears:

"Sec. 1. Double Indemnity.

"The Double Indemnity will be payable upon receipt of due proof that the insured

died as a result of bodily injury effected solely through external, violent, and accidental means, independently and exclusively of all other causes, and of which, except in the case of drowning or asphyxiation, there is evidence by a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days after the date of such injury; provided that the Double Indemnity shall not be payable if death resulted from self-destruction * * * or directly or indirectly from disease or bodily or mental infirmity."

Counsel for plaintiff argues that the language found on the reverse side of page 4 of the policy is as much a part of it as any other clauses or provisions found therein, particularly since the provision "Double Indemnity for Death by Accident" is placed in a more conspicuous place where it will readily catch the eye of the insured. He states that the court has no right to disregard this clause or provision, since, by the language of the policy, page 4 is expressly made a part of the contract, and, therefore, it cannot be said that this clause or provision was intended merely as a general description of the policy provisions. He says this clause clearly covers a case of death by accident.

It is also stated that if the above-quoted provision on page 4 of the policy is not considered a part of it, then the conclusion is inescapable that this language represents the insurer's own interpretation of the double indemnity or accident clause, and conclusively shows that the company intended to cover a case of accidental death, or death by accident.

The plaintiff's attorney next contends that if there is a conflict in the jurisprudence of this state as to whether or not there is, in law, a difference between "accidental death" and "death by accidental means" with reference to the interpretation of the double indemnity or accident clauses of insurance policies, that the better and sounder view is expressed in Brown v. Continental Casualty Co., 161 La. 229, 232, 108 So. 464, 45 A.L.R. 1521, which should control here; that this case is still the law, even though it be said that it is difficult to reconcile the holding therein with that of the later case of Parker v. Provident Life & Accident Ins. Co., 178 La. 977, 152 So. 583, because in the majority opinion in the Parker Case it is expressly stated that the Parker Case is not inconsistent with the Brown Case.

He further states that, even if the defendant's argument is accepted that the petition discloses facts which show that the complications resulted in part from disease, the petition still sets forth a cause of action, because this court held in De Blieux v. Travelers Ins. Co., 185 La. 620, 170 So. 14, 18, that if the disease results from the injury, the insurer is liable under the double indemnity clause, although both contribute in causing death.

Finally, counsel for the plaintiff says the petition does state a cause of action for death by accidental means.

We shall take up these questions in their inverse order, because the district court and the Court of Appeal decided the case on the last-mentioned point.

In paragraph 2 of the petition, plaintiff makes the allegation that the insured's "death came violently and suddenly and within the double indemnity provisions of the said attached policy." In paragraph 4, she states that "her husband was not sick prior to his said death and was in the enjoyment of the same state of health and physical fitness that had been his for years." In this same paragraph, she alleges that while in this state of health and physical fitness, on March 19, 1936, her husband visited the dentist, who "extracted several of his teeth, preparatory to the making of a plate." Then follows this sentence: "That said extractions constituted an external and violent injury to his jaws and gums; *that through unexpected and accidental complications from said extractions, he came to his death the following day.*" (Italics ours.) This plainly states that there were accidental and unexpected complications which resulted from the extractions, causing his death the next day. While it is true she does not state what those complications are, and the defendant is entitled to know what they are, nevertheless, the petition is not susceptible to an exception of no cause of action, because a cause of action for death by accidental means is stated. When the petition is vague, uncertain, or indefinite, it is subject to an exception of vagueness, but not one of no cause of action.

The defendant's intimation that the statement in paragraph 5 of the petition that the insured suffered an unusual pain around his heart suggests disease of that vital organ can be arrived at only by ignoring the allegations of paragraph 4, where plaintiff expressly states that he was physically fit and had never been sick prior to his death, which occurred the day after his visit to the dentist's office.

There are cases which hold that where infection, blood poisoning, and death result from the extraction of a tooth by a dentist, death was caused by external, violent, and accidental means within the meaning of the double indemnity or accident clause of the policy. Francis v. International Travelers' Ass'n, Tex.Civ.App., 260 S.W. 938; Horton v. Travelers Ins. Co., 45 Cal.App. 462, 187 Pa. 1070; see, also, Cooley's Briefs on Insurance, p. 5283.

The Court of Appeal in its opinion states: "The only thing unexpected alleged by plaintiff to have occurred is the sudden death of her husband." This statement is incorrect. We have pointed out that plaintiff clearly alleged that "through unexpected and accidental complications from said extractions" her husband's death occurred. It is our opinion that the plaintiff's petition alleges a cause of action of death by accidental means. Having reached the conclusion that the petition states a cause of action, it is unnecessary to consider the other points raised.

For the reasons assigned, the judgment of the Court of Appeal sustaining the exception of no cause of action is annulled and set aside, and that exception is overruled; that part of the judgment overruling the exception of no right of action and annulling the judgment of the district court, which sustained the exception of no right of action, is affirmed, and the case re-

manded to the district court for further proceedings consistent with the views herein expressed and according to law; appellee to pay all costs of this court.