DENNIS, Justice,
dissenting.
I respectfully dissent from the majority’s determination that the plaintiff’s petition failed to allege sufficient facts to state a cause of action. The majority’s own reading of the petition (in the third paragraph of the opinion) recognizes allegations that the 1928 constitutional amendment mandates an annual wage supplement from special tax proceeds, that prior to 1971 the city paid an annual lump supplement over the regular base salary from such proceeds, and that, henceforth, the City has discontinued the supplement and used the tax proceeds to pay part of the regular salaries of the policemen. These allegations of ultimate fact are sufficient to state a cause of action.
*933 An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis upon which recovery can be based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins v. Clary, 346 So.2d 193 (La.1977); West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (La.App. 3d Cir. 1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is subject to the exception of no cause of action. A vague, uncertain or indefinite petition is subject instead to an exception of vagueness. Haskins v. Clary, supra. Brunson v. Mutual Life Ins. Co. of N.Y., 189 La. 743, 180 So. 506 (1938); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.R. 17, 30 (1934).
The allegations of the petition do not exclude the reasonable hypothesis that after 1971, the avails of the tax were improperly used to replace funds available for policemen’s salaries from other sources, thereby preventing use of the avails for an increase in police salaries. That the petition does not state the methods of salary determination and payment should not deny the plaintiffs an opportunity to present their evidence. Haskins v. Clary, supra, Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). I would remand this case for trial on the sufficiency of these allegations.