DOUCET, Judge,
dissenting.
I respectfully dissent, being of the opinion that aggravation of a pre-existing condition is compensable pursuant to LSA-R.S. 33:2234. Accordingly, plaintiff’s petition, although subject to an exception of vagueness, states a cause of action.
According to plaintiff’s petition, he began employment with the Alexandria Police De *903 partment in March of 1968, at which time he had a pre-existing shoulder injury which resulted in dislocation. In the years that followed, plaintiff alleges he “continued to suffer frequent dislocation of his shoulder, which dislocation became increasingly more difficult to correct causing petitioner continual pain and anxiety.” Plaintiff further claims that the condition continued to be aggravated to the point it hindered his performance of duties and hospitalization was required. The surgery was unsuccessful and resulted in increased disability, therefore, plaintiff applied to the City of Alexandria through the Alexandria Police Pension and Relief Board for disability retirement benefits as provided by LSA-R.S. 33:2234. The requests were denied. Thereafter, plaintiff’s employment with defendant was terminated. Suit followed wherein plaintiff sought the aforesaid benefits and full, general and equitable relief. Defendant subsequently filed peremptory exceptions of no right of action and no cause of action.
The law concerning the peremptory exception of no cause of action was summarized in Haskins v. Clary, 346 So.2d 193 (La.1977) as follows:
“[1] The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. La.C.C.P. art. 865; Pence v. Ketchum, supra; Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Pence v. Ketchum, supra, Hero Lands Company v. Texaco, Inc., supra; Eschete v. City of New Orleans, supra; Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
* * * * * *
Louisiana Code of Civil Procedure Article 931, which prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action, limits the availability of such an objection as a vehicle for affirmative defenses to those which are disclosed by the petition itself. See, Steeg v. Lawyer’s Title Insurance Corporation, 329 So.2d 719 (La.1976); American Creosote Company v. Springer, 257 La. 116,241 So.2d 510 (1970); Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App. 4th Cir.1966); Smith v. Williams, 152 La. 948, 94 So. 859 (1922); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.LRev. 17 (1934-35).
The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir.1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N. Y., 189 La. 743,180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909).” (Emphasis added).
LSA-R.S. 33:2234 provides in pertinent part:
A. The board shall retire from service in the police department any member of *904 the department found by a majority vote of the board to have become physically or mentally, permanently or temporarily, disabled while in the performance of his duties, as determined by the report of the department physician, and shall place the retired member on the pension or relief roll.[1] (Emphasis added).
At the present time there are two retirement systems applicable to the Alexandria Police Department, one of which is R.S. 33:2234, supra, and the other being R.S. 33:2376. Only the former is applicable to plaintiff nonetheless counsel for defendant, in hearings befor the trial court, referred to R.S. 33:2376 as being suggestive of the legislative intent in enacting R.S. 33:2234.
The relevant portions of R.S. 33:2376 state:
A. Eligibility for disability benefits, procedures for application for disability benefits, procedures for the certification of continuing eligibility for disability benefits, the authority of the board of trustees to modify disability benefits, and procedures governing the restoration to active service of a formerly disabled employee are specifically described and provided for in R.S. 42:702 through R.S. 42:706.
B. The board of trustees shall award disability benefits to eligible members who have been officially certified as disabled by the State Medical Disability Board. The disability benefit shall be determined as follows:
Upon application for retirement due to a total and permanent disability, any member with at least five years creditable service, unless the disability is caused solely as the result of injuries sustained in the performance of his official duties, and who is unable to engage in any gainful employment shall receive a disability benefit equal to sixty percent of his average final compensation. Any member who is totally and permanently disabled from performing the duties as an employee as defined in R.S. 33:2372(2), but is able to engage in a gainful employment, shall receive thirty percent of his average final compensation. For disability retirement purposes only, the average final compensation shall consist of the highest paid thirty-six consecutive months salary earned prior to the date of the cause of the disability. In no case shall the disability benefit be approved by the board of trustees until all employee and employer contributions are paid to the retirement system, covering through the date of the cause of the disability claim or the date of termination of employment, or both, whichever is applicable.
As counsel for defendant noted at trial court proceedings, “in the second pension it seems clear that they recognized the deficiency of the first pension” inasmuch as those with the requisite amount of service are afforded benefits even in those circumstances where the disability is not incurred in the line of duty and those without the requisite years of service are afforded benefits only where the disability is total and permanent and “caused solely as the result of injuries sustained in the performance of his official duties.” R.S. 33:2376. LSA-R.S. 42:702(1) also refers to “totally disabled (a) solely as the result of injuries sustained in the performance of his official duties.” Thus it appears that the legislature intends to limit the right of recovery prospectively, with regard to employees to whom R.S. 33:2234 is not applicable and those without the requisite amount of service, to those injured in the line of duty and as a sole result thereof are rendered totally disabled.
On the other hand, R.S. 33:2234 provides benefits where a member of the police department is “permanently or temporarily, disabled while in the performance of his duties.” There is no reference to injury occurring in the performance of duty rendering the member disabled. Furthermore, there is no indication that the sole cause of the disability must be an injury in the line of duty. There is no definition of “disabili *905 ty”, nor is there any jurisprudence indicative of the above clause’s interpretation.
It is axiomatic that remedial statutes are to be liberally construed. State v. Boniface, 369 So.2d 115 (La.1979). What is a liberal construction is ordinarily one which makes the statutory rule or principle apply in more situations than would be the ease under a strict construction. State v. Boniface, supra; Wiley v. Missouri Pacific Railroad Co., (La.App. 3rd Cir.1982) Docket No. 82-229. Applying the proper rules of interpretation to R.S. 33:2234, the only statute applicable to plaintiff, I believe that the statute allows for benefits where the performance of official duties causes an injury to become disabling. A like result would be reached if we were to apply the analogous egg-shell principle found in tort law or the workmen’s compensation maxim that aggravation of a pre-existing condition is compensable. There is no indication that a contrary result was intended insofar as R.S. 33:2234 is concerned. The petition states a cause of action, albeit it does so rather vaguely.
Whether plaintiff could prove that performance of his duties caused his pre-exist-ing injury to become disabling is irrelevant to our review of whether petitioner should be allowed his day in court.
For the reasons assigned, I respectfully dissent.

. The question of whether plaintiff is entitled to benefits is subject to judicial review in spite of, or in view of action taken by the board. Hoffpauir v. City of Crowley, 241 So.2d 67 (La.App. 3rd Cir.1970), Wr. denied 242 So.2d 578.