11 MARVIN, Chief Judge.
In this action instituted by a former client disputing an attorney’s lien for a fee owed under a contingency fee contract, the law firm, a professional law corporation (PLC) doing business under a trade name, appeals a judgment decreeing that the fee contract is unenforceable. The trial court found the contract “worthless from a legal standpoint,” because the contract identifies the PLC only by its trade name, “Injury Hotline,” which is not a legal entity, and not by its corporate name, “Pat Harrington, Attorney & Associates, P.L.C. d/b/a Injury Hotline.”
Shortly after signing the contract, Ms. Cummings terminated the lawyer-client relationship, first by telephoning and then by letter. Her new counsel soon negotiated a satisfactory settlement with the tortfeasor’s automobile liability insurer. Injury Hotline then asserted its attorney’s lien on the settlement proceeds, claiming a fee based on the hours worked on the case before the attorney-client relationship was terminated by Ms. Cummings.
Finding that a Louisiana corporation may enforce a contract executed under a name other than its corporate name, we reverse. We remand to allow the trial court to resolve the factual issues of when the attorney-client relationship was terminated and what work was done by the attorney at what reasonable fee.
USE OF TRADE NAME
A contract entered into by a corporation, bearing only its assumed or trade name, is not for that reason deemed null and unenforceable. Traders’ Securities Co. v. Dutsch, 19 La.App. 576, 137 So. 75 (1st Cir.1931). Absent fraud |2or deceit, neither of which is alleged with respect to the law firm’s identity here, a corporation may contract under a name other than its corporate name. MAS Nursing, Inc. v. Burke, 523 So.2d 909 (La.App. 3d Cir.1988), writ denied; National Oil Works v. Korn Bros., 164 La. 800, 114 So. 659 (1927).
This record does not show whether the law firm has registered its trade name with the clerk of court under LRS 51:281. The sole effect of non-registry is a statutory penalty or fine of up to $100 or imprisonment for up to 60 days, or both. § 284. Invalidity of a contract bearing the unregistered trade *5 name is not one of the sanctions imposed by the legislature. The debtor under a contract bearing only the creditor’s trade name may not use the registry statute as a defense to the creditor’s claim for payment under the contract. See and compare MAS Nursing, Inc. v. Burke, supra; Brenard Mfg. Co. v. Gibbs, 9 La.App. 137, 119 So. 483 (2d Cir.1928); and Smith v. Williams, 152 La. 948, 94 So. 859 (1922).
Because the corporation here is a professional legal corporation, the trial court considered the Rules of Professional Conduct in its ruling. After noting that the Rules do not contain a blanket prohibition against the use of a trade name by a lawyer or law firm, the court found that the trade name “Injury Hotline” does not violate Rule 7.3, which proscribes the use of a trade name that implies a connection with a government agency or with a public or charitable services organization or other professional association. The court’s ruling invalidating the fee contract was based solely on the fact that “Injury Hotline [is] merely a trade name [and] not a legal entity.”
_JjOn this record, the Rules of Professional Conduct do not dictate a different result for a professional law corporation than for other types of Louisiana corporations that use trade names. We leave to other authority the ethicality of a PLC using a trade name such as Injury Hotline. Based on the law we have summarized, we must conclude that the trial court erred in deeming the fee contract unenforceable simply because it identifies the law firm only by its trade name.
DECREE
At Ms. Cummings’ cost, we reverse the judgment declaring the contingency fee contract unenforceable because it was executed under the PLC’s trade name. We remand for further proceedings as directed above.
We deny Ms. Cummings’ claim for frivolous appeal damages and sanctions, made in her answer to the appeal.
REVERSED AND REMANDED.